Sadha SINGH, Petitioner,

v.

Michael B. MUKASEY, Attorney General, Respondent.

No. 04–74140.

United States Court of Appeals, Ninth Circuit.

Submitted March 18, 2008.[*]

Filed March 25, 2008.

[*] The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Patrick O. Cantor, Esq., Buttar & Cantor, LLP, Seattle, WA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Brent I. Anderson, Esq., USKA–Office of the U.S. Attorney, Wichita, KS, for Respondent.

Before: CANBY, T.G. NELSON, and BEA, Circuit Judges.

## MEMORANDUM **

Sadha Singh, native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") decision denying his application for asylum, withholding of removal and protection under the Convention Against Torture

("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Gonzalez–Hernandez v. Ashcroft,* 336 F.3d 995, 998 (9th Cir.2003). We deny in part, and dismiss in part the petition for review.

■ Substantial evidence supports the BIA's determination that the government rebutted the presumption of a well-founded fear of persecution through an individualized analysis of changed conditions in India. *See id.* at 998–1001.

Because Singh does not have a well-founded fear of persecution, it necessarily follows that he does not qualify for withholding of removal. *See id.* at 1001.

Singh's contention that the BIA failed to address the IJ's adverse credibility finding is unavailing because the BIA's merits determination is dispositive of the case.

Substantial evidence also supports the agency's determination that Singh has not shown it is more likely than not that he will suffer torture if he returns to India. *See El Himri v. Ashcroft,* 378 F.3d 932, 938 (9th Cir.2004).

■ We lack jurisdiction to consider Singh's humanitarian asylum claim, because he did not raise it before the BIA. *See Barron v. Ashcroft,* 358 F.3d 674, 677–78 (9th Cir.2004).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.